WARNER, C.J.
We affirm appellant’s conviction for sexual battery on a child and sexual battery while standing in the position of a parent or custodian. The appellant’s victim was his young daughter with whom he had engaged in both oral and vaginal sex. Appellant contends that the trial court erred in admitting collateral crime evidence. The collateral crime evidence consisted of appellant’s sexual abuse of his step-daughter while she was between the ages of six and eleven with which he was charged and pled guilty to lewd and lascivious assault. We conclude that the evidence met the standard of Saffor v. State, 660 So.2d 668 (Fla.1995).
In Sajfor, the supreme court adopted a relaxed two-prong test for the admission of collateral crime evidence in sexual abuse cases within the familial context. First, both the charged offense and the collateral offense must occur within the family setting. Second, there must be some additional showing of similarity between the incidents in order for the collateral crime evidence to be admissible. See id. at 670-71.
In the instant case, there were several additional aspects of similarity which would meet the Sajfor test. Both the victim and the collateral victim were in a father-daughter relationship with the appellant. Appellant approached both victims regarding sex in a way that seemed as though he was teaching them. The incidents occurred in the victims’ homes, and appellant threatened both victims by telling them that their mother would hate them if they told her about the incidents. The conduct began with kissing and fondling and escalated to oral sex.
Appellant seeks to distinguish the two cases because the sexual abuse with the collateral victim did not include oral or vaginal sex. The evidence showed, however, that the collateral victim refused to acquiesce to oral sex when requested by appellant. She then reported the abuse, resulting in appellant’s first conviction and imprisonment, thus cutting off his opportunity to elevate the abuse. In the instant case, we do not think the fortitude of the collateral victim in resisting appellant should somehow make the crimes dissimilar so as to prevent the admission of the testimony of these collateral acts in appellant’s trial. Therefore, we conclude that the crimes are indeed very similar, and there was no error in the admission of the collateral crime testimony.
Appellant also challenges the state’s exercise of a peremptory challenge against a minority juror. Because the appellant failed to renew the objection prior to the swearing of the jury, the issue is not preserved for review. See Green v. State, 679 So.2d 1294, 1294 (Fla. 4th DCA 1996).
Affirmed.
STONE and STEVENSON, JJ., concur.